# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

TOLEDO, ST. LOUIS AND KANSAS CITY RAILROAD CO.

*v.*

CHICAGO, PEORIA AND ST. LOUIS RAILWAY CO. *et al.*

*Filed at Mt. Vernon January 14, 1895.*

1. ESTOPPEL—*what is a waiver of right to natural water-course.* A riparian owner, by seeking to compel a railway company to construct an artificial ditch in a certain manner, to take the place of a natural water-course, abandons his rights in the latter, and is estopped to assert that he is entitled to have the water-course continued and allowed to run in its natural channel.

2. SAME—*one seeking to enforce an order is estopped to impeach it.* Complainant in a suit to enjoin interference by a railroad company with a stream, who, by supplemental bill, seeks to compel compliance by the railroad company with an order requiring it to construct an artificial ditch upon the level of the channel of the original water-course and of equal capacity, is, upon refusal of a decree because the order has been complied with, estopped to insist that the order was improper.

*T., St. L. & K. C. R. R. Co.* v. *C., P. & St. L. Ry. Co.* 54 Ill. App. 78, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

This was a bill in chancery, brought by the Toledo, St. Louis and Kansas City Railroad Company, against the Chicago, Peoria and St. Louis Railway Company and others, to restrain the defendants from changing the channel of a natural water-course, to the damage of the complainant's railroad track and right of way. The cause was heard on pleadings and proofs, and a decree rendered dismissing the bill at the complainant's costs, for want of equity. On appeal to the Appellate Court the decree was affirmed, and this appeal is from the judgment of affirmance. The facts are sufficiently stated in the following opinion delivered by the Appellate Court:

"SAMPLE, P. J.: The appellant filed its bill, in which it alleged, in substance, that the Toledo, St. Louis and Kansas City Railroad Company, appellant herein, has for a number of years owned and operated a line of railroad extending from Toledo, Ohio, to East St. Louis, Illinois. The line of this road crosses Madison county, Illinois, running in a north-easterly and south-westerly direction. This road was built and in operation in 1882, and has continued in operation ever since. In the summer of 1890 the Chicago, Peoria and St. Louis Railway Company was engaged in constructing and building a railroad through said Madison county, along, beside and adjoining the appellant's railroad; that at the place in question the right of way of the two railroads adjoined each other in section 27, township 4, north, range 8, west of the third principal meridian, in said county; that in the west half of said section the appellant's road crosses a creek or branch, over which it had constructed, prior to the construction of appellee's road, two bridges, known and numbered, respectively, 1194 and 1195, as shown on the plat in the record; that these bridges were over natural water-courses or channels; that the appellees, at and before the time of the filing of appellant's bill for injunction, were proposing and threatening to construct

their railroad and grade across said channels, filling the same up with a solid embankment of earth, thereby obstructing these water channels, and forcing the water and the current of the streams to flow down and along the road-bed and the right of way, and against the appellant's grade and road-bed, from said bridge No. 1194 to bridge No. 1195, thereby damaging, washing, destroying and rendering dangerous for use that portion of appellant's railroad and track; that while said work was in progress, and before the natural channels of water had been filled up and obstructed, the resident engineer, Mr. H. T. Porter, for the appellant, endeavored to arrange with the officers and agents in charge of the construction of appellee's road for the building of bridges by it across and over said channels, in such manner as not to interfere with the natural water-course of said creek, but that no attention was paid to the protests made by this appellant against the obstruction of the flow of the water in said creek.

"After the filing of the appellant's original bill for injunction and restraining order, an injunction was issued by the master in chancery restraining the defendants from obstructing and diverting the natural flow of the water in this creek, and pending this proceeding the appellees filed their answer to said bill.   Upon the hearing in chambers, on the 6th day of September, 1890, the chancellor, on the suggestion and proposition of the appellant, modified the original injunction so 'as to permit the defendant to proceed with the construction of its road-bed and the completion of its track in the manner proposed by the defendant at the place mentioned in the bill filed herein.'   'It is further ordered that the defendant construct the artificial ditches made at said place as deep as and on a level with the bottom of the channel, and of equal capacity of the original water-course obstructed by its new embankment.'   Following this order modify-

ing the original injunction, the appellees immediately proceeded to cut an artificial drain or ditch along and between the road-bed and embankment of petitioner and the road-bed of the defendant railroad company.

"The appellant contends the bottom of the artificial ditch, when constructed, was from two to five feet above the level of the bottom of the channel of the original water-course, and was wholly insufficient, in times of high water, to carry the natural flow of water without overflowing and throwing the water over and against the appellant's road-bed and embankment, thereby causing the same to become washed, soaked with water, damaged and rendered dangerous for the operation of trains thereon, and that the appellees wholly failed and neglected to comply with the order of the court in this particular; that they failed to 'construct the artificial ditches made at said places as deep as and on a level with the bottom of the channel, and of equal capacity of the original water-course obstructed by the new embankment.' The appellant afterward, and before the final hearing of the matter, filed with the chancellor its supplemental bill, reciting, among other things, the foregoing facts, and in addition thereto charged that the artificial ditch not only failed to conform to the order of the court, but was insufficient to carry off the natural flow of water without overflowing and throwing the water against the petitioner's road-bed and embankment, and asking that the defendant be required to construct an artificial ditch 'as deep as and on a level with the bottom of the channel of the original water channel, and having the same capacity as the original water-course, and to riprap with stone the bank of said artificial ditch next to the petitioner's embankment and road-bed, or to construct openings through its roadway and embankment at the points where said roadway and embankment filled up and obstructed the original water-course, and of the same capacity as the original water-course.'

"The answer of appellee to the original bill denied that the construction of its road-bed in the manner proposed would injure appellant, and its answer to the supplemental bill alleged it had fully complied with the order of the court, and the improvement so made would prevent appellant's road-bed from being injured. On the final hearing before the chancellor the appellant contends it proved the appellee had not complied with the order of the court, made, by consent of both parties, on the hearing the 6th day of September, 1890, and that it had been and would continue to be damaged by reason of such failure.

"In the decree entered by the chancellor on the final hearing it is recited: 'It is requested by both parties hereto that I go upon the premises described in the complainant's original and supplemental bill before deciding the cause, and make a personal examination and inspection thereof, the same to be considered by me in connection with the proofs herein in deciding this cause, which request of the parties is by me granted and this cause is postponed for such examination. And now, on this 8th day of September, 1893, I, having heretofore made the personal examination and inspection of the premises, * * * and now being fully advised upon the matters heretofore submitted herein, do find that the equities of this cause are with the defendant, and order and decree that the original and supplemental bills of complaint be dismissed without prejudice to the complainant.'

"The record contains ninety pages of evidence, all of which was read in conference, and our conclusion is, the evidence supports the decree. The question involved is wholly one of fact—whether or not the appellee complied with the order of the court, entered, by agreement of parties, on the 6th day of September, 1890. The law as to the obstruction of water-courses is as stated by appellant, but after obtaining an order of court, to which

appellee consented, that if a certain ditch was dug in a certain manner, as prescribed in such order, then it would be satisfied, it can not, after the work is done, be heard to say the law required appellee to build a bridge instead of cutting such ditch. The issue was as to whether the appellee had complied with such order, and to that issue the cause must be confined. To here analyze the evidence would unnecessarily extend, without enhancing the value of, this opinion. It is deemed sufficient to say the evidence sustains the decree, and therefore it is affirmed."

BAYLESS & GUENTHER, and CLARENCE BROWN, for appellant.

DALE, BRADSHAW & TERRY, ISAAC L. MORRISON, and BLUFORD WILSON, for appellees.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The counsel for the complainant, in their brief filed in this court, call our attention to the fact that the Appellate Court was laboring under a misapprehension when it assumed that the order of September 6, 1890, modifying the injunction so as to permit the defendant to proceed with the construction of its road-bed and the completion of its track in the manner proposed by it and at the place mentioned in the bill, was entered upon the suggestion and proposition of the complainant. We have examined the record and find that it contains no evidence that the injunction was modified in the manner indicated with the consent of the complainant, but the modifying order seems to have been entered wholly on the motion and at the instance of the defendants. The misapprehension probably arose from a statement in the complainant's brief filed in that court, in which, by a typographical error, as is now claimed, the word "appellant" was used in place of the word "appellee."

It appears, however, that after the injunction had been modified the complainant filed its supplemental bill, in which, after setting out the modified injunction order, it was alleged that the defendant had failed to comply with the order in this, that it had failed to construct its artificial ditch as deep as and on a level with the bottom of the channel of the original water-course, and of equal capacity with such original water-course; and the supplemental bill prayed, among other things, that the defendant be required, within a reasonable time to be fixed by the court, to construct its artificial ditch for conveying the water, as deep as and on a level with the bottom of, and having the same capacity as, the original water channel.

It seems to us to be very plain that the allegations and prayer of the supplemental bill constituted a conclusive admission by the complainant of the propriety of the amended injunction order. The complainant, by that bill, asked the court to enforce the amended order, and if a decree had been entered in accordance with the prayer of that bill the complainant would have been clearly estopped to claim that the order of which it had thus obtained the enforcement was improper and erroneous. And the court having found, from the evidence, that the order had already been fully complied with, and having refused a decree for that reason, the admission to be implied from the filing and prosecution of the supplemental bill is, so far as we can see, no less conclusive. The complainant can not be permitted, after having attempted to enforce the order as a proper and valid order, and failed to obtain the decree prayed for, to turn around and insist that the order ought not to have been entered. We therefore reach practically the same result at which the Appellate Court arrived, viz., that the complainant is estopped to question the propriety of the amended order. The complainant is as fully concluded by the

admissions to be implied from the filing and prosecution of its supplemental bill as it would have been if the order had been originally entered on its motion or by its request.

The only question presented, then, is one of fact, viz., whether the evidence sustains the finding of the court that the artificial ditch, as constructed by the defendant railway company, was in substantial compliance with the order of the court amending the original injunction. We have examined the evidence with care, and while we find it to a considerable degree conflicting, we are unable to find any such preponderance in favor of the complainant as would justify us in disturbing the finding of the circuit court. And especially is this so in view of the fact that the chancellor, in addition to hearing the evidence preserved in the record, visited the premises at the request of the parties, for the purpose of viewing and examining them for himself, and of determining from actual inspection whether the artificial ditch was constructed in conformity with the order of court. What he learned from such examination was not, and from the nature of the case could not be, preserved in the record, but was matter proper to be considered by him in passing upon the issues presented by the pleadings. Under these circumstances we would be justified in setting aside his finding only upon considerations of the clearest and most satisfactory character. It is scarcely necessary to say that no such considerations are presented by this record.

Counsel for the complainant have presented an elaborate array of the authorities bearing upon the rights of riparian proprietors upon natural water-courses to have such water-courses continued and allowed to run in their natural channels. We have no doubt that the law is substantially as they claim, and a riparian proprietor who stands upon his rights is entitled to have those rules

enforced and applied.   But the complainant in this case, by seeking to compel the defendant railway company to construct an artificial ditch in a certain manner, to take the place of the natural water-course, virtually abandoned its rights in the natural water-course, and can not now invoke rules of law applicable to rights which it has thus abandoned.

We are of the opinion that the decree of the circuit court was warranted by the evidence, and the judgment of the Appellate Court affirming the decree will accordingly be affirmed.

*Judgment affirmed.*